UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62483-CIV-ZLOCH/ROSENBAUM

MAEGUERITA QUIRE,

    Plaintiff,

v.

CITY OF MIRAMAR POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Motion for Police Officers to Sign for the Amended Complaint [D.E. 26] and Plaintiff's Motion for the Judge Reprimand [D.E. 30], referred to me by the Honorable William J. Zloch [D.E. 32]. In the first Motion, Plaintiff indicates that she has attempted to serve her most recent Amended Complaint on the police-officer Defendants but that her "server was told to leave his number and that the police will get in touch when he can serve the officer." D.E. 26 at 2. However, verified returns of service filed with the Court reflect that most of the Defendants named in Plaintiff's Amended Complaint have, in fact, been personally served. *See* D.E. 27. More important, because the Amended Complaint is "a pleading filed after the original complaint," it must be served on Defendants' attorneys unless the Court orders direct service on Defendants. Fed. R. Civ. P. 5(a)(1)(B), (b)(1). Although Plaintiff's Amended Complaint does not include a certificate of service stating that the Complaint was served on Defendants' counsel, *see* Fed. R. Civ. P. 5(d)(1); Local Rule 5.2(a), it is clear that counsel has received a copy of the Amended Complaint. Indeed, counsel has filed a Motion—on behalf of all the named

Defendants—to dismiss the Amended Complaint on the merits. *See* D.E. 29. And Defendants have not claimed that Plaintiff's service of the Amended Complaint is deficient. For these reasons, Plaintiff's Motion for Police Officers to Sign for the Amended Complaint [D.E. 26] is **DENIED**.

In Plaintiff's second Motion, she claims that defense counsel failed to serve her with Defendants' Motion to Dismiss and that she learned about that Motion from the Clerk's Office. Defendants' attorneys dispute this claim, asserting that they mailed a copy of the Motion to Plaintiff at her address of record. *See also* D.E. 29 at 10 (statement in Defendants' Certificate of Service that a copy of the Motion was served on Plaintiff by mail). The Court credits the representation of defense counsel, officers of the Court, that a copy of the dismissal Motion was mailed to Plaintiff. For any number of possible reasons, though, Plaintiff apparently did not receive it. In case Plaintiff has not yet obtained a copy of Defendants' Motion to Dismiss, the Court has attached the Motion to this Order. Moreover, to ensure that Plaintiff has adequate time to review Defendants' Motion to Dismiss, the Court will allow Plaintiff until **Monday, July 11, 2011,** to file a Response to Defendants' Motion. For the above reasons, however, no reprimand of Defendants' counsel is warranted, and, accordingly, Plaintiff's Motion for the Judge Reprimand [D.E. 30] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 22nd day of June, 2011.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:   Hon. William J. Zloch

   Counsel of record

   Maeguerita Quire (by certified mail)
   6821 SW 27th Street
   Miramar, FL  33023